89 F.3d 846
 8 NDLR P 202
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rainey K. ROELEN, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.
 No. 95-35438.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided June 27, 1996.
 
 Before: WRIGHT, PREGERSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-Appellant Rainey K. Roelen ("Roelen") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Union Pacific Railroad Co. ("Union Pacific"). Roelen alleges that Union Pacific discriminated against her in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 DISCUSSION
 
 3
 A grant of summary judgment is reviewed de novo. Jessinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to maintaining an ADA action. 42 U.S.C. § 12117(a) (incorporating the enforcement procedures of Title VII set forth at 42 U.S.C. § 2000e-5). Section 706(e) of Title VII requires a complainant to file a charge with the EEOC within 180 days of the last act of alleged discrimination. 42 U.S.C. § 2000e-5(e). If, however, a complainant initially institutes proceedings with a state or local agency, the time limit for filing with the EEOC is extended to 300 days. Id.
 
 A. Continuing violation
 
 5
 Roelen argues that her complaint was timely filed with the EEOC because Union Pacific's refusal to reassign her constituted a continuing violation of her ADA rights. Under the continuing violation doctrine, "a systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period." Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924 (9th Cir.1982), cert. denied, 459 U.S. 971 (1982). A court may apply the continuing violation doctrine where "the continuing system of discrimination operates against the employee and violates his or her rights up to a point in time that falls within the applicable limitations period." Id. "Such continuing violations are most likely to occur in the matter of placements or promotions." Id.
 
 
 6
 This court has been reluctant to apply the continuing violation doctrine to cases where the plaintiff has been terminated. See Williams, 665 F.2d at 924 (a decision to fire an employee may place the victim out of reach of any further effect of company policy, so that such a complainant must file a charge within the requisite time period after the termination, or be time-barred). This court has often characterized the effects of the termination as merely a continuing impact upon the plaintiff which is not actionable. Id.
 
 
 7
 Here, the district court stated that "the defendant's act of terminating plaintiff's hostler position on July 12 or 13, 1992, is the most recent act alleged by the plaintiff which could constitute a violation of her civil rights." Indeed, it appears that Roelen is no longer a Union Pacific employee and that her July 1992 termination from her position as hostler also terminated her employment with the railroad. Because Roelen has offered no evidence of a continuing system of discrimination by Union Pacific that continued to violate her rights after her termination, Roelen cannot invoke the continuing violation doctrine.
 
 B. Equitable Tolling
 
 8
 We decline to equitably toll the statutory filing period in this case. As stated by the Supreme Court:
 
 
 9
 Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.
 
 
 10
 Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).
 
 
 11
 Here, Roelen was represented by counsel with respect to her ADA claim long before the statutory deadline passed for filing a charge with the EEOC. Roelen's counsel advised her of the filing requirements necessary to pursue such an action. Moreover, there is no evidence that she was lulled into inaction by the railroad.
 
 
 12
 Although the actions of the Idaho Human Rights Commission and the EEOC may have contributed to Roelen's delay in filing an EEOC charge, Roelen failed to exercise due diligence in pursuing her claim despite being represented by counsel. In such circumstances, equitable tolling is not an appropriate remedy.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3